IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RYAN JATINDRANATH, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

FORWARD AIR FINAL MILE, LLC,

    Defendant.

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ryan Jatindranath, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Defendant Forward Air Final Mile, LLC. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## STATEMENT OF THE CASE

1. Plaintiff brings this collective and class action lawsuit against Defendant Forward Air Final Mile, LLC on behalf of himself and other similarly situated individuals ("Drivers") who perform delivery and installation services on behalf of Defendant and who were misclassified as independent contractors instead of employees. Defendant contracts with various intermediaries who in turn contract with Drivers who meet the demands of Defendant's delivery and installation business.

2. Defendant engages individuals like Plaintiff and the Drivers to deliver and install

1

items purchased from stores like Home Depot in Colorado and across the United States. Defendant controls, supervises, and directs the manner in which the Drivers perform the delivery and installation services and Defendant's business is inextricably intertwined to and benefits from the performance of these services.

3. Plaintiff and the Drivers have been misclassified as independent contractors, and Plaintiff and the Class and Collective of Drivers he seeks to represent have suffered improper deductions from their pay and have not been paid the full statutory minimum wage for all hours worked.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff incorporates by reference all of the above paragraphs.

5. Plaintiff is an individual and resident of the state of Colorado. Plaintiff worked for Defendant as a Driver from approximately September 2022 until March 2023, and worked for Defendant in and around Colorado Springs, Colorado. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. A.

6. Defendant is a limited liability company with a principal office in Greenville, Tennessee. Defendant conducts business in this judicial district, and also operates in other locations across the United States.

7. Upon information and belief, Defendant's gross revenue each year exceeds $500,000.

8. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims as they are so related to their FLSA claims that they form part of the same case or

controversy.

10. Venue is proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

11. Plaintiff incorporates by reference all of the above paragraphs.

12. Defendant operates a last mile services business, providing last-mile delivery and installation services to customers of Home Depot and similar box stores.

13. Plaintiff and other Drivers pick up products from warehouse locations, and deliver and install those products for customers of Home Depot and similar stores.

14. Plaintiff and other Drivers are classified as independent contractors and work through intermediaries, but in reality, the Drivers are employees of Defendant and Defendant controls the delivery process.

15. Defendant employs individuals who have supervisory responsibilities over the Drivers and who assign and direct their work.

16. Plaintiff and other Drivers begin their workday at a warehouse, where they interact with and receive directions from dispatchers and managers employed by Defendant.

17. Drivers do not control the hours that they work.

18. Defendant makes Plaintiff's and the Drivers' schedules on a weekly basis.

19. Drivers utilize a mobile application that Defendant uses to track Drivers' locations throughout the day.

20. Drivers are required to check in on the mobile application at the start and end of each stop.

21. Defendant's employees call Drivers if they are running behind schedule or in the

3

event of a customer complaint.

22. Drivers are required by Defendant to wear uniforms that are branded with Defendant's name and logo.

23. Drivers' badges are also branded with Defendant's name and logo.

24. Defendant requires that the Drivers' services be performed according to Defendant's business interests, standards, and regulations. The Drivers' services are fully integrated into Defendant's nationwide business.

25. Defendant requires that if a customer is not available to receive a delivery, Drivers must wait at the location for thirty minutes and will be required to return at the end of the day.

26. Drivers' non-compliance with Defendant's rules and policies affect the Drivers' performance metrics, which are maintained by Defendant.

27. Defendant considers Drivers' performance metrics when determining Drivers' routes.

28. Defendant performs "ride behinds" whereby employees of Defendant will ride behind Drivers during the Drivers' workdays in order to observe and evaluate Drivers' performance.

29. The Drivers' work is an integral part of Defendant's business because Defendant is in the business of providing final mile delivery and installation services and Drivers performed these exact services, such that without the Drivers, Defendant would have no business at all. For these same reasons, Plaintiff and the Drivers performed their work within Defendant's usual course of business.

30. Based on the economic realities of the relationship between Defendant and the Drivers, the Drivers working under the intermediaries are Defendant's employees.

4

31. Plaintiff and the Drivers do not operate independently established businesses.

32. Drivers, including Plaintiff, frequently are not paid for all hours worked at an hourly rate at or in excess of the minimum wage rates established by state and federal law.

33. In the event of a customer complaint or a claim of damage to an item, a deduction is taken from Drivers' pay. The deduction for a customer complaint or damage claim may be several hundred dollars.

34. Drivers are required to pay Defendant a "fine" of up to hundreds of dollars for not adhering to their schedules or completing all deliveries.

35. These "fines" violate the state and federal statutory minimum wage guarantees.

36. Plaintiff and the Drivers typically work between four and six days per week, and approximately ten to twelve hours per day.

37. In many weeks, Drivers have earned less than the federal and state minimum wage because the "fines" and other deductions lower their wages below the statutory minimum.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff incorporates by reference all of the above paragraphs.

39. Plaintiff brings his First Claim under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendant. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> All persons who have performed delivery and installation services for Forward Air Final Mile in the United States at any time during the applicable limitations period and who have been classified as independent contractors without signing a contractor agreement with Forward Air Final Mile.

40. Plaintiff and proposed Collective Members are similarly situated, have substantially similar or identical job requirements, and were subject to Defendant's common

5

practices and policies whereby they were denied the minimum wage guarantees of the FLSA.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff incorporates by reference all of the above paragraphs.

42.     Plaintiff asserts his Second, Third, and Fourth Claims as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> All persons who have performed delivery and installation services for Forward Air Final Mile in the State of Colorado at any time during the applicable limitations period and who have been classified as independent contractors without signing a contractor agreement with Forward Air Final Mile.

43.     This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. On information and belief, Plaintiff states that the number of Class Members exceeds fifty. The number and identity of the Class Members can easily be ascertained from Defendant's records.

   b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist. Among the questions and issues common to the Class are: 1) whether the class members are employees of Defendant; 2) whether Defendant engaged in a common course of failing to compensate Class Members for all hours worked at the required minimum wage; 3) whether Defendant violated state and/or federal law; and 4) the nature and extent of the class-wide injury and the appropriate measure of damages.

   c. The claims asserted by Plaintiff are typical of the claims of Class. Plaintiff

6

performed the same work and seek the same kinds of damages as all putative Class Members.

d. The proposed Class Representatives have an incentive and are committed to vigorously prosecuting this action because they have actually suffered losses as a result of Defendant's actions.

e. Members of the Class are readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

f. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

g. A class action is the superior method available for the fair and efficient adjudication of this controversy. Because the damages suffered by individual Class Members may be relatively small in comparison with the expense and burden of individual litigation, it is impracticable for Class Members to seek redress individually for the wrongful conduct alleged herein.

h. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the court. The prosecution of separate actions would also create the risk of inconsistent rulings, which may be dispositive of the interest of Class Members who are not parties to the adjudication and/or may substantially impede Class Members' ability to protect their interests, and therefore would be contrary to the interest of justice and equity.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq*.
**On Behalf of Plaintiff and the FLSA Collective**

44. Plaintiff incorporates by reference all of the above paragraphs.

45. Plaintiff asserts this claim on his behalf and on behalf of all others similarly situated. *See* 29 U.S.C. § 216(b).

46. Plaintiff and the proposed Collective were "employees" as that term is defined by the FLSA. *See* 29 U.S.C. § 203(e).

47. Defendant "employed" Plaintiff and others as that term is defined by the FLSA. *See* 29 U.S.C. § 203(g).

48. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" as that term is defined by the FLSA. *See* 29 U.S.C. § 203(d).

49. Plaintiff and the proposed Collective are not exempt from the requirements of the FLSA.

50. Plaintiff and the proposed Collective are entitled to be paid in an amount at least equal to the applicable minimum wage.

51. By the acts and omissions complained of above, including, *inter alia*, by failing to pay minimum wages, Defendant has violated the FLSA. *See* 29 U.S.C. § 206.

52. Defendant's violations of the FLSA were willful and accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

53. Each improperly paid Plaintiff and Collective Member who performed or continues to perform services for Defendant for any time during the three years preceding this lawsuit is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action. Notice should be sent to all Collective Members, as defied above, pursuant to 29 U.S.C. § 216(b).

54. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable for the unpaid wages, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action. *See* 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
**Violation of the Colorado Minimum Wage Act, § 8-6-101,** *et seq.*
**(On Behalf of Plaintiff and the Rule 23 Class)**

55. Plaintiff incorporates by reference all of the above paragraphs.

56. Defendant has at all times been an "employer" of Plaintiff and the Class Members within the meaning of the Colorado minimum wage law. C.R.S. § 8-6-101, *et seq.*

57. Defendants failed to pay Plaintiff and the Class Members all minimum wages owed.

58. Defendant took unauthorized deductions from the wages of Plaintiff and the Class Members.

59. Defendant's conduct and practices, as described herein, was willful and intentional.

60. Defendants are liable to Plaintiff and the Class Members for unpaid wages, costs, reasonable attorneys' fees, pre-judgment interest, and any other applicable amount due for all violations which occurred within the applicable limitations period.

### THIRD CLAIM FOR RELIEF
**Violation of the Colorado Wage Claim Act, § 8-4-101,** *et seq.*
**(On Behalf of Plaintiff and the Rule 23 Class)**

61. Plaintiff incorporates by reference all of the above paragraphs.

62. Defendant has at all times been an "employer" of Plaintiff and the Class Members within the meaning of the Colorado Wage Act.

63. Defendant has taken unlawful deductions from the wages of Plaintiff and the Class Members by causing Plaintiff and the Class members to pay a "fine" to Defendant and make other deductions from Drivers' pay. See C.R.S. § 8-4-105.

64. Additionally, as a result of the foregoing conduct, as alleged, Defendant failed to pay wages due under the Wage Claim Act, Minimum Wage Act, and FLSA, thereby violating and continuing to violate, the Wage Claim Act.

65. Defendant's conduct and practices, as described herein, was willful and intentional.

66. Defendants are liable to Plaintiff and the Class Members for unpaid wages, costs, reasonable attorneys' fees, pre-judgment interest, liquidated damages, statutory penalties, and any other applicable amount due for all violations which occurred within the applicable limitations period.

67. Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### Civil Theft, C.R.S. § 18-4-405
### (On Behalf of Plaintiff and the Rule 23 Class)

68. Plaintiff incorporates by reference all of the above paragraphs.

69. At all material times, Defendant has been an "employer" of Plaintiff and Class Members within the meaning of the Colorado Minimum Wage Act.

70. Plaintiff and Class Members were employees of Defendant within the meaning of the Colorado Minimum Wage Act.

71. Defendant knew it failed to pay Plaintiff and Class Members minimum wage.

72. Defendant's knowing failure to pay minimum wage under the Colorado Minimum Wage Act constitutes theft under C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

73. As a result, Defendant's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. §18-4-405.

74. Plaintiff and Class Members are entitled to treble damages and attorney's fees to

be determined at trial. Plaintiff and Class Members are also entitled to costs, statutory interest and all other relief deemed appropriate by the Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class and Collective Members and against Defendant as follows:

1. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

2. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential Collective Members;

3. An order permitting this litigation to proceed as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, treble damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

DATED: May 9, 2023

Respectfully submitted,

RYAN JATINDRANATH, on behalf of himself and all similarly situated persons,

By his attorneys,

*/s/Brian D. Gonzales*

Brian Gonzales
The Law Offices of Brian D. Gonzales, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, CO  80528
(970) 214-0562
bgonzales@coloradowagelaw.com

Harold Lichten
Bradley Manewith
Krysten Connon
LICHTEN & LISS-RIORDAN, PC
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com;
bmanewith@llrlaw.com;
kconnon@llrlaw.com

# EXHIBIT A

# CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims for unpaid wages under the Fair Labor Standards Act arising out my work with Forward Air Final Mile and/or related entities and individuals.

2. I performed delivery and installation services for Forward Air Final Mile in  Colorado Springs (city), Colorado (state) and from on or about 09/2022 (month, year) to on or about 03/2023 (month, year). I did not sign a contractor agreement with Forward Air Final Mile.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

4. I hereby designate Plaintiffs' Counsel at Lichten & Liss-Riordan, P.C. and any firm with which they choose to associate (collectively, the "Firms"), to represent me for all purposes in this action.

5. I also designate the named plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with the Firms concerning representation (with the understanding that the Firms are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees,), and all other matters pertaining to this lawsuit.

Signature: _[signed]_

Date: 04/30/2023

Name: Ryan Jatindranath

Address: [redacted]

Telephone: [redacted]

Email: [redacted]

**COMPLETE AND RETURN TO:**
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Main: (617) 994-5800
Fax: (617) 994-5801